IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBBIE L. FIELDS,

    Plaintiff,

v.

JUSTIN S RIBAULT and
SHIRLEY Y. GODIWALLA,

    Defendants.

ORDER

Case No. 24-cv-798-jdp

---

Plaintiff Robbie L. Fields, a prisoner in the custody of the Wisconsin Department of Corrections, has filed a proposed civil action under 42 U.S.C. § 1983. Plaintiff has submitted a certified copy of an inmate trust fund account statement in support of a motion for leave to proceed without prepaying the filing fee. After considering the motion and supporting documentation, the court concludes that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, the litigant must prepay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1). Using information from plaintiff's trust fund account statement, I calculate the initial partial payment to be $35.38. For this case to proceed, plaintiff must submit $35.38 on or before December 5, 2024.

In the alternative, plaintiff asks to use release account funds to pay the entire filing fee. (Dkt. #4). That request is denied. If a prisoner does not have sufficient funds in a regular inmate account to make an initial partial payment, then the prisoner may withdraw funds from a release account. *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005). However, nothing in the fee collection provision of § 1915 can be read as requiring the state to allow a prisoner to pay the entire balance of a federal court filing fee from a release account. *Id*.

ORDER

IT IS ORDERED that:

1. Plaintiff Robbie L. Fields is assessed an initial partial payment of the filing fee in the amount of $35.38. On or before December 5, 2024, plaintiff must submit a check or money order payable to the clerk of court in the amount of $35.38 or advise the court in writing why plaintiff is not able to make the payment.

2. Plaintiff Robbie L. Fields's motion to use release account funds to pay the entire filing fee (Dkt. #4) is DENIED.

3. If plaintiff fails to make the initial partial payment or show cause for failure to do so by December 5, 2024, then I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be dismissed without prejudice to plaintiff refiling at a later date.

4. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, the court will issue a separate order.

Entered this 13th day of November, 2024.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge