IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBBIE L. FIELDS,

                                  Plaintiff,

   v.                                                OPINION and ORDER

JUSTIN S. RIBAULT and SHIRLEY Y. GODIWALLA,        24-cv-798-jdp

                                Defendants.

---

Plaintiff Robbie L. Fields, proceeding without counsel, is a prisoner at Wisconsin Secure Program Facility. Fields contends that doctors at the prison failed to adequately treat his severe wrist pain. Fields has made an initial partial payment of the filing fee as directed by the court.

The next step is for me to screen Fields's amended complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Fields doesn't currently state any claims that this court can hear, but I will give him a chance to file an amended complaint to better explain his claims.

ALLEGATIONS OF FACT

Fields began suffering severe pain in one of his wrists. In late January 2022, Fields wrote to the Health Services Unit complaining about that pain. A non-defendant nurse emailed defendant Dr. Justin Ribault asking for an X-ray, and Ribault approved that request. But an

X-ray was not scheduled. Over the next couple of months, Fields continued to complain about his wrist pain and he was "referred to the provider." Dkt. 1, at 2–3. In late March, the nurse emailed defendant Dr. Shirley Godiwalla about performing imaging on Fields's wrist, and Godiwalla responded that she would order physical therapy, but no order was issued. In May 2022, after Fields filed an inmate grievance, he received an X-ray that was negative. Godiwalla told him that nothing was wrong with his wrist and that he was just trying to obtain drugs to abuse. But she did order him an electromyogram. The results of that test were consistent with carpal tunnel syndrome.

ANALYSIS

Fields contends that defendants violated his rights under both federal and state law by failing to adequately treat his wrist pain. I'll start with his federal claims, which fall under the Eighth Amendment.

The Eighth Amendment prohibits prison officials from consciously disregarding prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A defendant "consciously disregards" an inmate's need when the defendant knows of and disregards "an excessive risk to an inmate's health or safety;

2

the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

Although I will assume that Fields's severe wrist pain was a serious medical need, he doesn't allege facts sufficient to show that either Ribault or Godiwalla consciously disregarded it. He alleges that Ribault approved an X-ray but that he didn't end up receiving one immediately thereafter. There isn't any indication from his allegations that it was Ribault's fault that the X-ray wasn't scheduled or that the failure was anything more than negligence. Some of his other allegations state that complaints were forwarded to a "provider," but he doesn't say who that provider was, so he cannot proceed on a claim about any delays caused by the unnamed provider. Fields states that Godiwalla didn't order physical therapy for him and falsely suggested that he sought drugs to abuse, but he also alleges that she took other steps to treat him, such as an electromyogram. He alleges that his pain medication was ineffective but he doesn't state who ordered that medication or whether he let that provider know about the medication's effectiveness.

Many of Fields's allegations suggest that Ribault or Godiwalla were negligent in their care, but I cannot consider his state-law medical malpractice claims unless he also brings a viable federal-law claim. Although Fields checks the diversity jurisdiction box on his complaint form, he alleges that both he and defendants are citizens of Wisconsin, so I cannot exercise diversity jurisdiction over his claims.

I will dismiss Fields's complaint but I will give him a chance to file an amended complaint fixing his pleading problems. In drafting his amended complaint, Fields should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a violation of his rights.
- Identify all of the individuals who he wishes to sue in the caption of the complaint.
- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs.

If Fields fails to submit an amended complaint by the deadline set below, I will dismiss the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Robbie L. Fields's complaint is DISMISSED.

2. Plaintiff may have until February 5, 2025, to submit an amended complaint as directed in the opinion above.

Entered January 13, 2025.

BY THE COURT:

/s/
_____

JAMES D. PETERSON
District Judge